# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC MARTIN, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARY D. FIELDS, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. WGC-13-8 |

## MEMORANDUM OPINION

Plaintiff Eric Martin ("Mr. Martin") brought this action against Defendant Mary D. Fields ("Ms. Fields") and Defendant Peter C. Krauser ("Mr. Krauser") alleging negligence against each Defendant. Mr. Martin alleges Ms. Fields swerved into his lane, struck his vehicle and caused serious, painful and disabling injuries to him. Sometime after Mr. Martin and Ms. Fields pulled off the travel portion of the highway to exchange insurance information, Mr. Krauser allegedly lost control of his vehicle and struck the side of Mr. Martin's vehicle. As a consequence of this collision, Mr. Martin's vehicle was propelled forward and struck Mr. Martin causing serious, painful and disabling injuries. Plaintiff Penny S. Martin ("Ms. Martin"), the wife of Mr. Martin, asserts a loss of consortium claim against Ms. Fields and Mr. Krauser.

The parties consented to proceed before a United States Magistrate Judge for all further proceedings in the case and the entry of a final judgment. *See* ECF Nos. 25, 27-28. The case thereafter was referred to the undersigned for all further proceedings. *See* ECF No. 29. Pending before the court and ready for resolution is Ms. Fields' motion for summary judgment (ECF No. 31). Neither the Plaintiffs Mr. Martin and Ms. Martin nor the Defendant Mr. Krauser filed a

response in opposition. No hearing is deemed necessary and the court now rules pursuant to Local Rule 105.6 (D. Md. 2011).

## BACKGROUND

In Count I of the Complaint Mr. Martin alleges the following:

> 1. On or about September 21, 2009 at approximately 8:27 p.m., the Plaintiff, Eric Martin in the exercise of due care and caution and in a lawful and prudent manner was operating a motor vehicle in the right lane on Westbound I-70 near mile marker 31.0, located in Hagerstown, Maryland.
>
> 2. At the same time, the Defendant, Mary D. Fields, was operating a motor vehicle in the left lane on Westbound I-70 near mile marker 31.0, located in Hagerstown, Maryland.
>
> 3. Suddenly, violently and without warning, Defendant Mary D. Fields swerved into the Plaintiff's lane and struck the Plaintiff's vehicle, causing the Plaintiff to sustain serious, painful, disabling and possibly permanent injuries in and about the head, body and limbs.
>
> 4. The direct and proximate cause of the collision and the Plaintiff's damages was the negligence of the Defendant, Mary D. Fields in that she: (1) failed to know, observe and comply with the vehicle laws of the State of Maryland, (2) failed to keep her vehicle lawfully under control, (3) failed to avoid striking other vehicles lawfully on the highway, (4) failed to keep a safe and proper lookout for other vehicles, (5) failed to observe the presence and proximity of the Plaintiff's vehicle, (6) failed to travel a safe and reasonable speed, (7) failed in other respects to avoid the collision at issue in this case, and to observe the rights of the Plaintiff who was lawfully on the highway.
>
> 5. As a direct result of the collision, the Plaintiff, Eric Martin, suffered serious, painful, disabling and possibly permanent bodily injuries in and about the head, body and limbs and has been caused and will be caused in the future to suffer great physical pain, mental anguish and injuries to his nerves and nervous system, and has been caused and will continue to incur great medical expenses for the care and treatment of his injuries and wounds; has been caused and will continue to be caused to undergo the pain and inconvenience of his injuries; has been caused and will continue to be caused in the future to be precluded from engaging in and

> attending to his normal employment, activities, duties and pursuits; and has been caused and will continue to be caused in the future to expend great sums of money for other expenses incidental to the damages arising out of the occurrence; has sustained property damage and the Plaintiff was otherwise hurt, injured and damaged, now and in the future indeterminately.
>
> 6. Plaintiff further avers that all of the losses, damages and injuries were, are and will be due solely to and by reason of the negligence on the part of the Defendant without any negligence on his part thereunto contributing either directly or indirectly.

ECF No. 2 at 1-3.

## JURISDICTION AND VENUE

Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs are residents of Pennsylvania. Defendant Fields is a resident of West Virginia and Defendant Krauser is a resident of Florida. *See* ECF No. 2 at 1. The amount in controversy exceeds $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1391 venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394

(4th Cir. 1950). The moving party bears the burden of showing no genuine issue as to any material fact exists. Fed. R. Civ. P. 56(a); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

On those issues where the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'[a] mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## DISCUSSION

Ms. Fields contends no genuine issues of material fact exist and therefore she is entitled to summary judgment as a matter of law. Specifically, Ms. Fields claims the evidence demonstrates Mr. Martin's allegations of causation against Ms. Fields are unsubstantiated.

Mr. Martin was deposed on October 11, 2013. He disclosed there were two collisions on September 21, 2009. The first collision occurred between Mr. Martin's vehicle and Ms. Fields' vehicle. The drivers ultimately pulled off the travel portion of the highway to exchange insurance information. While the two vehicles were off the travel portion of the highway, a second collision occurred between Mr. Krauser's vehicle and Mr. Martin's vehicle.

Mr. Martin testified he was initially traveling behind Ms. Fields' vehicle. Because she was slowing down more and appeared to be swaying in her lane, Mr. Martin decided to pass her vehicle by moving from the right lane to the left lane. As Mr. Martin moved from behind Ms. Fields' vehicle and was traveling beside her vehicle, Ms. Fields' vehicle bumped Mr. Martin's vehicle. The point of impact was the passenger door handle of Mr. Martin's vehicle and the mirror on the driver's side of Ms. Fields' vehicle. In response to a series of questions, Mr. Martin testified about the impact resulting from this collision.

> Q: [D]oes that picture fairly show all the damage that was caused to your truck from the contact with Ms. Fields' vehicle?
>
> A: Yes.
>
> Q: You're not aware of any other damage to your truck that was caused by her vehicle. Correct?
>
> A: Correct.
>
> Q: Did you feel any pain in your body when her vehicle made contact with your truck?
>
> A: Other than a loss of property damage, that's about it.
>
> Q: Okay. And the reason you pulled over was not because you believed you were injured but because you needed to – –
>
> A: Exchange insurance information and take care of it later.

ECF No. 31-3 at 5 (E. Martin Dep. 35:17 - 36:12).

Ms. Fields' counsel later inquired how Mr. Martin felt after he and Ms. Fields pulled off the travel portion of the highway to exchange insurance information.

> Q: How were you feeling physically as you exited your truck and walked back to her?
>
> A: Didn't need a doctor.
>
> Q: Didn't have any pain in your low back?
>
> A: No.
>
> Q: No pain in your left hip?
>
> A: No.
>
> Q: No pain anywhere in your body?
>
> A: No.
>
> Q: No cuts, abrasions, bruises?
>
> A: No.
>
> Q: Obviously, frustrated that you'd been involved in an accident but nothing more than that.
>
> A: Time delayed and that's it.

*Id.* at 7 (E. Martin Dep. 43:5-20).

Mr. Martin conceded he sustained no physical injuries as a result of Ms. Fields' vehicle bumping into his vehicle.

> Q: In the contact with Ms. Fields' vehicle, did your body move at all within your truck?
>
> A: Very little
>
> Q: Did any part of your body strike anything within the truck?
>
> A: Neither myself nor my passenger was bodily harmed by the bump.

*Id.* at 10 (E. Martin Dep. 53:9-16).

Mr. Martin testified the injuries he sustained occurred as a result of the second collision with Mr. Krauser which did not involve Ms. Fields.

> Q: At some point in time did you reenter your truck before the second accident?
>
> A: No. I was standing in front of my vehicle at the time I made the phone call, reading a green billboard sign off to her, to the lady on the other end of the line, and just stated that I needed a trooper at this point. And she put me on hold. And then I heard tires howling. And it just seemed like right after I heard the sound, I got knocked over by my vehicle. I was underneath of it, still had the cell phone in my hand, didn't lose it. I crawled out from underneath the vehicle. Then I was still talking to the 911 person. They asked me if I needed an ambulance then, and I said, "I don't know, but now there's two accidents. Send one. We might need one."
>
> Q: And that was only after the second impact that you believed you had the need for an ambulance?
>
> A: Correct.
>
> Q: You said you heard tires howling. What do you mean by that?
>
> A: Like somebody put on the brakes and locked the tires up.

*Id.* at 8 (E. Martin Dep. 45:19 - 46:22).

When Mr. Martin was transferred to the hospital and examined by medical staff, he attributed his complaints of pain and discomfort to the second collision, not the first one.

> Q: Your medical records from [Chambersburg Hospital] indicate that you had no complaints after the first accident with Ms. Fields. Then when your truck was hit by another truck, you were knocked to the ground, and, the record says, "This is when he states his injury occurred."
>
> A: Correct.
>
> Q: Is that what you remember telling the hospital staff?

> A: Yes.
>
> Q: So you were able to tell at that time that there was a change to your body after the second accident.
>
> A: Yes.
>
> Q: And where you had felt fine before that, you then realized something was not all right?
>
> A: Yes.
>
> Q: And was that the pain in your low back?
>
> A: Low back, some stiffness in my shoulder and my neck.
>
> Q: And that developed after being knocked to the ground with the second impact?
>
> A: Yes.

*Id.* at 9 (E. Martin Dep. 49:20 - 50:22).

Mr. Krauser was deposed on October 29, 2013. Mr. Krauser admitted, as he attempted to move from the right lane to the center lane, another vehicle was approaching the same area of the center lane. Mr. Krauser moved his vehicle back to the right lane. He "overcompensated" as he moved to the right lane resulting in his trailer striking Mr. Martin's parked vehicle on the side of the road. *See* ECF No. 31-4 at 6 (Krauser Dep. 25:5 - 26:16).

In *Holler v. Lowery*, 175 Md. 149, 161, 200 A. 353, 358 (1938), Judge Offutt defined proximate cause.

> There is no mystery in the doctrine of proximate cause. . . Expressed in the simplest terms, it means that negligence is not actionable unless it, without the intervention of any independent factor, causes the harm complained of. It involves of course the idea of continuity, that the negligent act continuously extends through every event, fact, act, and occurrence related to the tortious conduct of the defendant, and is itself the logical and natural cause of the injury complained of. In the statement of the

> doctrine an intervening cause means not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm.

The undisputed evidence reveals Ms. Fields' negligence, *i.e.,* her vehicle bumping into Mr. Martin's vehicle, was not the natural and logical cause of Mr. Martin's injuries. Her negligence had come to rest before she and Mr. Martin pulled off the travel portion of the highway to exchange insurance information. Mr. Krauser striking Mr. Martin's parked vehicle causing the latter vehicle to strike Mr. Martin was not a foreseeable consequence of Ms. Fields' negligence. Mr. Krauser's alleged negligence was an independent factor causing the second collision. Ms. Fields' negligence did not extend, uninterrupted, to this second collision. It is undisputed that the natural and logical cause of Mr. Martin's injuries was the second collision caused by Mr. Krauser's alleged negligence.

## CONCLUSION

For the foregoing reasons, the court finds there are no genuine issues as to any material fact and Defendant Mary D. Fields is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An Order will be entered separately.

　February 6, 2014　　　　　　　　　　_____/s/_____
　　　　Date　　　　　　　　　　　　　　　　　　WILLIAM CONNELLY
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE